IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:12cr176 |
| | ) | |
| RICHARD VANTUYL, | ) | |
| | ) | |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, by Neil H. MacBride, United States Attorney, and Joseph L. Kosky, Assistant United States Attorney, offers this position paper regarding the sentencing of Richard Vantuyl. The government has no objection to the contents of the Presentence Investigation Report (PSR) and concurs with the calculation of the advisory sentence guidelines. After reviewing the PSR and the factors under Title 18, United States Code, Section 3553(a), the government's position is that a sentence between 30–37 months (within the sentencing guideline range) is appropriate.

**I. BACKGROUND**

In August 2012, the defendant was serving time on state charges in the Western Tidewater Regional Jail in Suffolk, Virginia. While there, he learned of a fellow inmate's pending case before United States District Judge Mark S. Davis. The defendant, hoping for a reduction in his sentence, wrote and mailed a letter to Judge Davis that purported to warn him of a threat against his life from the defendant's fellow inmate. In statements to investigating agents, the defendant embellished these statements and asserted that the inmate wanted the killings to be "gruesome" and that he would like the defendant to use a wood chipper. *See* PSR at ¶ 6. However, the defendant later admitted that his fellow inmate never made such a threat and that he had written the threatening letter in hopes of getting a reduction in his sentence.

On November 20, 2012, the defendant was named in a two-count Indictment returned by a Federal Grand Jury in the Eastern District of Virginia, Norfolk Division. Count One charged him with Mailing a Threatening Communication, in violation of Title 18, United States Code, Section 876(c), and Count Two charged him with making a False Statement in violation of Title 18, United States Code, Section 1001(a)(2). On March 22, 2013, the defendant pled guilty to Count One of the Indictment, and the Court accepted his plea.

## II.  SENTENCING STANDARDS

The current sentencing regime requires courts to consider both the Sentencing Guidelines as well as the Section 3553(a) sentencing factors when making a sentencing decision. *Gall v. United States*, 552 U.S. 38, 49 (2007); *United States v. Booker*, 543 U.S. 220, 264 (2005).  In *Gall v. United States*, the Supreme Court instructed that the sentencing court should calculate the Sentencing Guideline range, permit the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all of the Section 3553(a) factors, and finally pronounce a sentence, taking into account all of the relevant factors. *Id.* at 49–50.

## III.  APPLICATION OF THE SENTENCING GUIDELINES

The government has no objections to the sentencing calculation in the Presentence Investigation Report. The base offense level provided in Section 2A6.1 is twelve, and the six point enhancement under Section 3A1.2 for victims who are government officers or employees applies because Judge Davis is a government officer. The government supports the PSR's calculation of a three-point reduction for acceptance of responsibility under Section 3E1.1. This results in an offense level of fifteen. The defendant's criminal history places him in category IV, which results in a guidelines sentence of 30–37 months. The government agrees with the PSR findings that a sentence within this range is appropriate.

**IV.  APPLICATION OF THE SECTION 3553(a) SENTENCING FACTORS**

In light of the sentencing factors set forth in Section 3553(a), a sentence within the range established by the guidelines is sufficient, but not greater than necessary, to achieve the purposes of punishment in this case.

**A.  The nature and circumstances of the offense and the defendant's history and characteristics call for a sentence within the guideline range.**

By writing this threatening letter to Judge Davis, the defendant sought to benefit from a sentence reduction at the expense of a fellow inmate, who was innocent of the claims he made in the letter, as well as at the expense of law enforcement's time and money. Threats against government officials must be taken seriously and fully investigated, especially death threats, and especially when the purported harm and means of killing—a wood chipper—is so specific and gruesome. Not only did the defendant threaten a federal judge, but he brought out specific threats from an ongoing case, which bolsters the deception and makes the perceived threat even more urgent. Such a specific threat involving an ongoing case is also reasonably likely to interfere with Judge Davis's personal and professional life, and place him in apprehension for his safety and those close to him. The defendant ignored such reasons to abandon this plan, even as federal agents approached him about the threat he fabricated. As a result of the defendant's crime, resources were diverted from other law enforcement priorities, which imposed a cost on society as a whole. This was all done while the defendant was serving his sentence on state charges for nearly the very same crime—sending threatening communications to his mother and stepfather. Such actions further underscore the defendant's culpability, where the very sentence he sought to

reduce by making this threat was imposed for the same conduct for which he now stands before the Court.

While the defendant's personal history includes mental illness and treatment for such, nothing in the facts of this case relieves the defendant of his responsibility. By his own admissions, he formed and executed a plan to manipulate federal law enforcement and the judiciary by reporting another inmate for threats he did not make and activating a law enforcement response to a perceived threat. He stuck to his story, even in the face of scrutiny and an opportunity to save law enforcement resources by admitting his deception. This was not an isolated incident, or a momentary lapse of control or judgment, but a calculated attempt to manipulate the legal system to his advantage. The defendant had numerous opportunities to abandon such a plan, but the defendant penned the letter, sent it, and defended its truth to federal law enforcement agents for some time before finally confessing that he had made the threat himself.

Thus, by its nature, this offense's severity matches its punishment, because the defendant sought to manipulate law enforcement at a cost to federal resources, and he committed it while incarcerated for nearly the same acts. Nothing in the defendant's past mitigates his responsibility or his ability to learn from his mistakes; the defendant here chose not to adopt the lessons of his prior conviction, despite warnings and opportunities to abandon his plan.

> **B. The purposes of punishment under Section 3553(a)(2) are fully satisfied by a sentence within the guideline range calculated in the PSR.**

The purposes of punishment recognized by Section 3552(a)(2) are satisfied by a guideline sentence. A guideline sentence reflects the seriousness of this offense, and the enhancement for public officials appropriately accounts for the additional harm done by his disruption of the justice system. It also promotes respect for the law, which is of greater concern here in light of

4

the fact that this crime was committed while the defendant was incarcerated for a substantially similar charge. The guidelines provide an appropriate sentence for such a flagrant disregard of the legal and correctional systems. A guidelines sentence is also likely to deter future conduct of this nature by providing a consistent punishment response to consistent violations of law. The need to protect the public from further crimes is also served by a term of incarceration.

## V.  CONCLUSION

For the reasons stated above, the government requests the Court impose a sentence within the PSR's calculated guideline range of 30–37 months.

Respectfully Submitted,

Neil H. MacBride
United States Attorney

By:   \_\_\_\_/s/_____
Joseph L. Kosky
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number (757) 441-6331
Facsimile Number (757) 441-3205
E-Mail – Joseph.Kosky@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Suzanne V. Katchmar, Esquire
Federal Public Defender's Office
Town Point Center, Suite 403
150 Boush Street
Norfolk, Virginia 23510
Suzanne_Katchmar@fd.org

I hereby certify that on the 1st day of July, 2013, a true copy of the foregoing government's response was sent via electronic mail copy to:

Kimberly Falatic
United States Probation Office
600 Granby Street
Norfolk, Virginia 23510

           ____/s/_____
           Joseph L. Kosky
           Assistant United States Attorney
           Attorney for the United States
           United States Attorney's Office
           101 West Main Street, Suite 8000
           Norfolk, Virginia 23510
           Office Number (757) 441-6331
           Facsimile Number (757) 441-3205
           E-Mail Address - Joseph.Kosky@usdoj.gov