IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:12cr176 |
| | ) | |
| RICHARD STEVEN VANTUYL, | ) | |
| | ) | |
| Defendant. | ) | |

**POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS**

COMES NOW the Defendant, Richard Steven Vantuyl, by counsel, pursuant to Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.2 of the *Sentencing Guidelines and Policy Statements* as well as this Court's Sentencing Procedures Order, and hereby represents that the Defendant has reviewed the Probation Office's Pre-Sentence Report, and that he respectfully states that he has no objections to the advisory guideline as calculated.

Mr. Vantuyl is before this Court for sentencing after entering a plea of guilty on March 22, 2013, pursuant to the terms of a written plea agreement, to Count One of the Indictment, Mailing a Threatening Communication, in violation of Title 18 U.S.C. § 876 (c). Sentencing is set for July 9, 2013.

The PSR calculates Mr. Vantuyl's advisory guideline range at 30-37 months with a statutory maximum of 120 months. Mr. Vantuyl respectfully asks this Court to impose a sentence concurrent with his undischarged state sentence pursuant to USSG 5G1.3 in order to comply with the statutory mandate to impose a sentence that is "sufficient, but not greater than necessary" to accomplish the goals of sentencing. *See* 18 U.S.C. § 3553(a).

## The Appropriate Sentence in this Case

The Sentencing Guidelines are no longer mandatory. *United States v. Booker*, 543 U.S. 220, 260-61 (2005). Since *Booker*, the Supreme Court has consistently and significantly broadened the range of choices in sentencing dictated by the facts of the case. *See Gall v. United States*, 128 S. Ct. 586, 602 (2007); *see also Kimbrough v. United States*, 128 S. Ct. 570 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007); and *Cunningham v. California*, 127 S. Ct. 856, 867 (2007). These cases– *Booker, Gall, Kimbrough, Rita*, and *Cunningham* –"mean that the district court is free to make its own reasonable application of the § 3553(a) factors, and to reject (after due consideration) the advice of the Guidelines." *Kimbrough*, 128 S. Ct. at 577 (Scalia, J., concurring). The district court "may not presume that the Guidelines range is reasonable," but must "make an individualized assessment based on the facts presented." *Gall*, 128 S. Ct. at 597.

Despite requiring sentencing courts to consider the advisory guidelines as one factor, Congress has required federal courts to impose the least amount of imprisonment necessary to accomplish the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." This requirement is not just another factor to be considered along with the others set forth in Section 3553(a)–it sets an independent limit upon the sentence.

Mr. Vantuyl is subject to a prison sentence of up to ten years. As stated above, the advisory guideline range is 30-37 months. In addition to this matter, Mr. Vantuyl is serving a state penitentiary sentence of 5 years, for which he has been in custody since April 2, 2012, and to which he was finally sentenced on May 29, 2012.

Mr. Vantuyl requests that this Court find that a sentence within the advisory guideline range

run concurrently with his undischarged state sentence is sufficient, but not greater than necessary. Should the Court find that a consecutive sentence is appropriate, Mr. Vantuyl requests that a sentence below the advisory guidelines be imposed, which would satisfy the factors set forth in 18 U.S.C. §3553(a). In support of his position, Mr. Vantuyl asks this Court to consider the information and argument set forth below.

### The Nature and Circumstances of the Offense

In the summer of 2012, Mr. Vantuyl was serving a sentence state in the Western Tidewater Regional Jail. Knowing a fellow prisoner had a criminal case in front of United States District Judge Mark S. Davis. Mr. Vantuyl took statements of others regarding the court proceedings and changed them into a letter sent to Judge Davis. Unfortunately, the information was not true, and it resulted in an investigation which led Mr. Vantuyl to be before this Court for the current case.

After taking a polygraph test, Mr. Vantuyl admitted to the investigating agents that the letter was made in an attempt to gain favor and obtain a reduction in his state sentence. While this must have been distressing to Judge Davis, the matter was nevertheless a hoax, which must have provided significant relief. During the presentence interview, Mr. Vantuyl stated, "I'm sorry for what I did, truly 110 percent sorry for what I did." PSR ¶ 13. Given that the matter was brought to federal court and the substantial penalties he faces, Mr. Vantuyl appreciates the consequences of his actions.

### The History and Characteristics of the Defendant

Richard Steven Vantuyl, born a Californian but growing up mostly in Virginia, is now 30 years old, and most recently lived in North Carolina before receiving his state sentence. PSR ¶ 31. Mr. Vantuyl was born out of the marriage between Richard Vantuyl and Kimberly Laurent. Mr. Vantuyl has one younger brother, David Vantuyl, with whom he does not share a close relationship.

Mr. Vantuyl's childhood was mired with violence. Between the ages of 2 to 6, Mr. Vantuyl's father physically abused him and his mother. PSR ¶ 31. In 1988, Mr. Vantuyl's mother left the marriage due to the abuse, keeping the children with her. PSR ¶ 31. After the divorce, Mr. Vantuyl rarely saw his father. Unfortunately, the abuse left Mr. Vantuyl damaged, leaving emotional and mental scars. From the age of 4, Mr. Vantuyl required mental health treatment which was consistently provided until 2005. PSR ¶ 44. According to the United States Department of Health and Human Services, children in families experiencing domestic violence correlate to children having higher levels of anger, oppositional behavior, and poor peer, sibling, and social relationships.[1] As Mr. Vantuyl's experiences reflect, there are many more effects on a young life than those listed above.

During Mr. Vantuyl's youth, he was bullied in his neighborhood and at school. PSR ¶ 33. Additionally, as his mother worked out of the home to support herself and the boys, they would be left with sitters. During one of those instances, Mr. Vantuyl suffered additional abuse from a babysitter, resulting in an arrest and conviction for that person. PSR ¶ 44.

Educationally at a young age, Mr. Vantuyl was diagnosed with dyslexia, and a learning disability, which led to his placement in special education classes throughout his school years. PSR ¶ 57. In 2001, Mr. Vantuyl graduated from Ocean Lakes High School with a 2.07 grade point average, and a rank of 359 out of 410 students. Upon leaving high school, Mr. Vantuyl obtained employment which mostly consisted of physical labor, citing his learning and other disabilities as an impediment. PSR ¶¶ 59-64.

---

[1] Child Welfare Information Gateway, "*Impact of Domestic Violence on Children*,"Bulletins for Professionals, 2009, *https://www.childwelfare.gov/pubs/factsheets/domestic_violence/impact.cfm*.

Throughout his life Mr. Vantuyl has been dealing with therapy and mental health issues. As set forth in the presentence report, some of Mr. Vantuyl's diagnoses reflect the trauma experienced in his early years. PSR ¶ 45.  Recently,  Mr. Vantuyl's issues resulted in another hospital admission. Further, the PSR provides significant and detailed information regarding Mr. Vantuyl's past and current mental and emotional health.  PSR ¶¶ 43-52, 90.

Pertaining to substance abuse, Mr. Vantuyl's family history and past behaviors reflect that he would benefit from an evaluation and treatment.  This, in conjunction with mental health treatment, would greatly benefit Mr. Vantuyl and promote the potential for success as his matriculates back into the community.

In terms of his involvement with the criminal justice system, Mr. Vantuyl does not have appear to have a juvenile criminal history.  Other than traffic matters, Mr. Vantuyl's first criminal conviction occurred at the age of 28.  In a relatively short period of time, Mr. Vantuyl now stands before the Court as a twice convicted felon.  Given the seriousness of the situation in which he finds himself and the fervent wish not to repeat past mistakes, Mr. Vantuyl seeks to take advantage of any and all options to improve himself while incarcerated.

## The Sentence Recommended by the Guidelines

The PSR recommends an advisory guideline range of 30-37 months.  Additionally, Mr. Vantuyl has an undischarged sentence in the Commonwealth of Virginia Department of Corrections Pursuant to USSG 5G1.3, Mr. Vantuyl respectfully asks the court to sentence him concurrently with this undischarged sentence.

*United States v. Booker*, 543 U.S. 220 (2005), and 18 U.S.C. § 3553(a) allow a court to take a more nuanced view of the offender and his offense.  Consideration of the circumstances of Mr.

Vantuyl's offense, his history and characteristics, and the purposes of sentencing expressed by the § 3553(a) factors, demonstrates that the advisory guideline range is, in this case, greater than necessary to comply with the directives of § 3553(a).

### The Need for the Sentence to Reflect the Seriousness of the Offense/Promote Respect for the Law/Provide Just Punishment/Afford Adequate Deterrence

Mr. Vantuyl respectfully submits that a concurrent sentence within the advisory guideline range recommended in the PSR would reflect the seriousness of the offense, promote respect for the law, provide just punishment, and to afford adequate deterrence to both Mr. Vantuyl and the public. Mr. Vantuyl is fully aware of the consequences of his behavior. There remains opportunity for him to turn his life around.

Mr. Vantuyl faces substantial challenges that stem, in large part, from the path that was given to him as described by the PSR. However, at this age, he still has the opportunity to make changes for a more positive life moving forward, even with his deficits.

While the structure of prison will assist Mr. Vantuyl in the short term, the long term increases the possibility of more negative outcomes. There are many people with whom Mr. Vantuyl will come into contact while in custody. Not all of them will provide a positive influence on him, and to the extent that he may be more of a follower than a leader, whatever he may learn from these individuals may result in further involvement with the justice system. He truly desires to improve his life and become a better person and a productive citizen.

### The Need for the Sentence to Protect the Public from Further Crimes of the Defendant and to Provide Needed Educational/Vocational Training/Medical Care/Other Correctional Treatment

Mr. Vantuyl wants to turn his life around. A sentence in the guideline range set forth in the PSR is not necessary to protect the public from the commission of future crimes by Mr. Vantuyl.

He is eager to prove to the court and himself that he can improve himself.

To the extent he is eligible, Mr. Vantuyl will take advantage of any prison programs and vocational programs that can assist him in having trades and skills to help him when he is released.

As stated above, Mr. Vantuyl is amenable to counseling and any substance abuse treatment that might help resolve any continuing issues regarding his upbringing and any other life stressors. Confinement beyond a concurrent 30-37 month range sentence should not be necessary to accomplish this.

### The Need to Avoid Unwarranted Sentence Disparity

This factor initially seems to encourage deference to the guideline range, because the guidelines were developed to eliminate unwarranted sentencing disparities in federal courts. In practice, however, the focus of the guidelines has gradually moved beyond elimination of *unwarranted* sentencing disparities and toward the goal of eliminating *all* disparities. This outcome is not only impractical but undesirable.

The Court must consider the need to avoid unwarranted disparities among defendants with similar criminal histories convicted of similar criminal conduct. 18 U.S.C. § 3553(a)(6). The court should avoid unwarranted similarities in sentencing among defendants who are different in ways not accounted for in the guideline range. *See Gall*, 552 U.S. at 55 ("need to avoid unwarranted *similarities* among other co-conspirators who were not similarly situated").

A concurrent sentence within 30-37 months for Mr. Vantuyl would not create unwarranted sentencing disparity given his history and characteristics, and other sentencing factors, and would serve the mandate of § 3553(a) to impose a sentence sufficient, but not greater than necessary to punish Mr. Vantuyl's conduct.

**CONCLUSION**

Mr. Vantuyl has been in the custody of the Commonwealth of Virginia since April 2, 2012, and in May 2012, received a 5 year sentence, which he is currently serving. He hopes to enter into mental health and substance abuse treatment, as well as vocational training, while he is incarcerated. Therefore, Mr. Vantuyl requests that this court impose a sentence within the advisory guideline range concurrent with his undischarged state sentence as allowed by USSG 5G1.3. Such a sentence reflects the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence.

Alternatively, should the Court order a consecutive sentence, Mr. Vantuyl requests that the Court find that a sentence below the advisory guidelines is sufficient but not greater than necessary, satisfying the factors set forth in 18 U.S.C. §3553(a).

Respectfully submitted,

Richard Steven Vantuyl

By:  /s/
Suzanne V. Suher Katchmar
Assistant Federal Public Defender
Virginia State Bar No. 37387
Attorney for Richard Steven Vantuyl
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0800
Facsimile: 757-457-0880
Email Address: suzanne_katchmar@fd.org

**CERTIFICATE OF SERVICE**

      I certify that on the 2nd day of July, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

      Joseph L. Kosky
      Assistant United States Attorney
      Office of the United States Attorney
      101 W. Main Street, Suite 8000
      Norfolk, Virginia 23510
      joseph.kosky@usdoj.gov

      And I hereby certify that I have sent this document by way of electronic mail to the following non-filing user:

      Kimberly A. Falatic
      U.S. Probation Officer
      600 Granby Street, Suite 230
      Norfolk, Virginia 23510

      /s/
      Suzanne V. Suher Katchmar
      Assistant Federal Public Defender
      Virginia State Bar No. 37387
      Attorney for Richard Steven Vantuyl
      Office of the Federal Public Defender
      150 Boush Street, Suite 403
      Norfolk, Virginia 23510
      Telephone: 757-457-0800
      Facsimile: 757-457-0880
      Email Address: suzanne_katchmar@fd.org